NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
**FILED**

JAN 1 0 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-343-KSF

GROVER L. POWERS, JR.                                                       PLAINTIFF

VS:           **MEMORANDUM OPINION AND ORDER**

BOB BURRELL                                                            DEFENDANT

Grover L. Powers, Jr., ("Powers"), an individual presently in the custody of the Federal Bureau of Prisons ("BOP") and confined at the Federal Medical Center-Lexington in Lexington, Kentucky, has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 District Court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## BACKGROUND

In his complaint, Powers alleges that the State of Alabama has failed to prosecute him on

three counts of theft by deception under Alabama Code 13A-8-4 in a timely manner. Powers asserts that respondent has violated his right to a speedy trial under the Sixth Amendment to the Constitution of the United States and that his conduct constitutes prosecutorial misconduct. Powers has named as the respondent Bob Burrell, the prosecutor identified in the charging indictment from Morgan County, Alabama. In his prayer for relief, Powers requests dismissal of the Alabama indictments against him. Petitioner's claims fail for a number of reasons.

Generally, a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is utilized to challenge the execution of a sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). In his prayer for relief, the instant petitioner seeks dismissal of the indictment pending against him in Alabama on the ground that Alabama's delay in prosecuting the indictment violates his Sixth Amendment rights. Such claims do not challenge the execution of Petitioner's present sentence, but rather the constitutional validity of a criminal prosecution that has yet to commence. Because Petitioner's claims do not challenge the conditions of his confinement, and challenge a prosecution against him by Alabama authorities that has not yet and may never commence, his claims are neither cognizable under Section 2241 nor are they yet ripe for review. *Belasco v. Snyder*, 208 F.3d 217 (8th Cir. 2000) (unpublished disposition) (where INS has merely lodged detainer against prisoner but has not entered final removal order, prisoner's claim attacking validity of preliminary INS determination of deportability is not yet ripe for review).

In addition, in a petition brought pursuant to Section 2241, the application for a writ of habeas corpus must name the person who has custody over the petitioner. 28 U.S.C. §2242. Likewise, 28 U.S.C. §2243 provides that the writ or order to show cause is to be directed "to the

person having custody of the person detained." The warden of the facility at which the petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§2241-2243 and is the appropriate respondent to a writ of habeas corpus. *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986); *Belliterri v. U.S. Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). The petitioner has only named the Alabama prosecutor as a respondent to his petition, and has not named the warden at the Federal Medical Center in Lexington where he is incarcerated. The instant petition therefore fails to state a claim upon which relief may be granted against the named respondent under Fed.R.Civ.P. 12(b)(6).

Finally, before a prisoner may bring an action pursuant to 28 U.S.C. §2241, he must exhaust available administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981) (§2241 habeas petitioners must exhaust *judicially-created* administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241); *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (only after a federal prisoner seeking §2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§542.10-16 (1997) and not pursuant to PLRA provision §1997e(a)) may the prisoner then seek §2241 judicial review). The petitioner has neither alleged nor demonstrated exhaustion of the BOP's administrative remedy procedures, and this failure alone requires dismissal of the instant petition. *Campbell v. Barron*, 87 Fed.Appx. 577, 2004 WL 291180 (6th Cir (Ky.) February 12, 2004); *Leslie v. United States*, 89 Fed.Appx. 960, 961, 2004 WL 253362, **2 (6th Cir.(Ky.) February 9, 2004) (unpublished disposition) ("...it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under §2241.").

While the petitioner's claims do not properly sound as habeas corpus claims under Section 2241, the Court may construe the claims as though raised as civil rights claims under 42 U.S.C. §1983 if that section appears more appropriate. *Kane v. Winn*, 319 F.Supp.2d 162 (D.Mass.2004). Nonetheless, the claims would have to be dismissed as premature under *Heck v. Humphrey*, 512 U.S. 477, 486-90 (1994) (any civil rights claim predicated upon an alleged constitutional violation that would, if proven, "necessarily demonstrate[] the invalidity of [plaintiff's] conviction" does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The petitioner's complaint is **DISMISSED.**

(2) The petitioner's "Motion Requesting Hearing or Ruling Sua Sponte" [Record No. 5] is **DENIED**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 10th day of JANUARY, 2006.

KSF
_____
KARL S. FORESTER, SENIOR JUDGE